**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ALIN CHRISTOPHER PROPHETE,

                        Plaintiff,

      v.                                      1:24-CV-297
                                                     (AMN/DJS)

SCHENECTADY PUBLIC LIBRARY, *et al.*,

                        Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

ALIN CHRISTOPHER PROPHETE
Plaintiff *Pro Se*
Schenectady, New York 12305

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

      The Clerk has forwarded for review a civil complaint filed by Plaintiff. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis*, Dkt. No. 2, which the Court has granted. Also pending is a request to file electronically. Dkt. No. 4.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

- 1 -

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff alleges that in December 2023 he began residing at the City Mission in Schenectady Compl. at p. 2. Since then, the Complaint alleges, the Schenectady Police Department has engaged in a pattern of harassing behavior including using police sirens when Plaintiff walks on the street and telling him to leave the city. *Id.* at pp. 2-3. Plaintiff alleges Officer Ferguson used racial slurs directed at him to make him unwelcome at the Schenectady Public Library. *Id.* at p. 3. He further alleges that library staff have also told him he does not belong there, but have done so without the use of slurs. *Id.* Plaintiff alleges these actions violate his rights under the Fourteenth Amendment. *Id.* at p. 4.

### C. Analysis of the Complaint

The Court recommends that the Complaint be dismissed.

First, the Schenectady Police Department is not a proper party to an action under section 1983. "A city police department is not an independent, suable entity separate from the municipality in which the police department is organized." *Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008); *see also EZ Pawn Corp. v. City of New York*, 2019 WL 2393780, at *9 (E.D.N.Y. June 5, 2019); *Cooper v. Proud*, 2018 WL 2729249, at *4 (N.D.N.Y. Mar. 22, 2018), *report and recommendation adopted*, 2018 WL 2727873 (N.D.N.Y. June 6, 2018). As a result, Plaintiff's claim against the Department must be dismissed.

Second, the allegation against Defendant Ferguson that he used a racial slur toward Plaintiff is insufficient on its own to state a claim. "The use of racial slurs, alone, fail to state a claim for violation of the equal protection clause of the Fourteenth Amendment." *Oliver v. Cuttler*, 968 F. Supp. 83, 88 (E.D.N.Y. 1997); *see also Rodriguez v. City of New York*, 590 F. Supp. 3d 518, 548 (E.D.N.Y 2022). Apart from allegations that he was made to feel unwelcome, the Complaint does not specifically allege the denial of service or specific discrimination that would give rise to a Fourteenth Amendment claim. "To state a race-based claim under the Equal Protection Clause, a plaintiff must allege that a government actor intentionally discriminated against him on the basis of his race." *Brown v. City of Oneonta, New York*, 221 F.3d 329, 337 (2d Cir. 2000). As pled, the Complaint does not presently make such allegations.

The Court, therefore, recommends that the Complaint be dismissed in its entirety, but that Plaintiff be afforded an opportunity to amend.

The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**.  Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of the prior Complaint shall be incorporated into the amended complaint by reference.  Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court

has jurisdiction.  If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

Given the recommended disposition of this case, Plaintiff's request for leave to file electronically is denied with leave to renew at a later date.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, the request to file electronically (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: March 8, 2024
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge